# UNITED STATED DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| Estate of Kattie Elizabeth Riley Hampton, Deceased, by and through Phyllis Thomas, Personal Representative of Estate of Kattie Elizabeth Riley Hampton, Deceased, for the use and benefit of Estate of Kattie Elizabeth Riley Hampton, Deceased, and for the use and benefit of the wrongful death beneficiaries of Kattie Elizabeth Riley Hampton | PLAINTIFFS |
| v. | CIVIL ACTION No. 3:21-cv-657-KHJ-MTP |
| Manhattan Nursing and Rehabilitation Center, LLC d/b/a Manhattan Nursing and Rehabilitation Center; Aurora Cares, LLC; DTD HC, LLC; D & N, LLC; Donald T. Denz; and Norbert A. Bennett | DEFENDANTS |

## NOTICE OF FILING NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, NORTHERN DIVISION

Zack Wallace, Clerk
CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
Post Office Box 327
Jackson, Mississippi 39201

Cameron C. Jehl
JEHL LAW GROUP, PLLC
5400 Poplar Avenue, Suite 250
Memphis, Tennessee 38119

ATTORNEYS FOR PLAINTIFF

PLEASE TAKE NOTICE that Defendants Manhattan Nursing and Rehabilitation Center, LLC, Aurora Cares, LLC, DTD HC, LLC, D&N, LLC, Donald T. Denz, and Norbert A. Bennett

(collectively "Defendants"), subject to all their defenses, hereby removes this case to the United States District Court for the Southern District of Mississippi, Northern Division, which is the "District court of the United States for the district and division embracing the place where such action is pending" within the meaning of 28 U.S.C. § 1441(a). *See* 28 U.S.C. § 104(b)(1).

As grounds for this removal, Brandon states as follows:

I.  **REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION.**

1. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants. . . ."

2. Under 28 U.S.C. § 1332(a), district courts of the United States "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States. . . ."

3. This is such an action in that (a) complete diversity of citizenship exists between all plaintiffs and all "properly joined and served" defendants, see 28 U.S.C. § 1441(b)(2), for the reasons explained below and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs, see 28 U.S.C. § 1446(c)(2)(A)-(B).

   A.  **Complete Diversity of Citizenship Exists Between the Parties.**

4. As set forth in detail below, Manhattan Nursing and Rehabilitation Center, LLC is a Mississippi limited liability company, but its limited liability company members are all citizens of the State of New York. Therefore, Brandon is a citizen of New York. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of an LLC is that of all its members).

5. Manhattan Nursing and Rehabilitation Center, LLC's members are D&N, LLC and DTD HC, LLC.

6. D&N, LLC and DTD HC, LLC are both New York limited liability companies.

7. D&N, LLC's members are Norbert A. Bennett, the Norbert A. Bennett Children's Trust, and the Norbert A. Bennett Grand-Children's Trust. Mr. Bennett is a citizen of New York. The trustee of the Norbert A. Bennett Children's Trust is Ronald Bennett, a citizen of New York, and the trustee of the Norbert A. Bennett Grand-Children's Trust is also Ronald Bennett, again a citizen of New York. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n. 6 (5th Cir. 2009) (citing *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (holding that the citizenship of a trust is that of its trustee)).

8. DTD HC, LLC's members are Donald T. Denz and the Donald T. Denz Irrevocable Trust. Mr. Denz is a resident and citizen of the State of New York. The trustee of the Donald T. Denz Irrevocable Trust is Martin J. Clifford, who is also a citizen of New York.

9. Plaintiff is the daughter of Kattie Hampton and is an adult resident citizen of the State of Mississippi. *See* Compl. ¶ 1.

10. Considering the foregoing, Defendants are citizens of New York and are not a citizen of the same state as Plaintiff, who is a citizen of Mississippi. *See* 28 U.S.C. § 1441(b)(2). Therefore, complete diversity of citizenship exists between Plaintiff and Defendants under 28 U.S.C. § 1332(a).

**B.     The Amount in Controversy is Satisfied.**

11. For removal based on diversity jurisdiction to be proper, the "matter in controversy [must exceed] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

12. If the complaint does not request a specific amount of damages, a defendant must prove by a preponderance of the evidence that the requirement is met. One way that a defendant may satisfy its burden is by showing the Court that it is facially apparent from the complaint that

the amount in controversy exceeds the jurisdictional minimum. *See Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 639, 639 (5th Cir. 2003).

13. In this action, Plaintiff claims that Kattie Hampton suffered "catastrophic injuries, disfigurement, extreme pain, suffering, mental anguish, and death" as a result of Manhattan's alleged breaches in the standard of nursing care. Compl. ¶¶ 21. Plaintiff seeks a "judgment for all compensatory damages and punitive damages against Nursing Home Defendants" for Ms. Hampton's alleged pain and suffering. *Id.* at ¶ 34.

14. Such claims for alleged serious injuries support a finding that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (finding that the amount in controversy exceeded $75,000 as the plaintiff sought damages for medical expenses, physical pain and suffering, and permanent disability and disfigurement for injuries sustained after falling in defendant's store); *see also Holmes v. CitiFinancial Mortgage Co., Inc.*, 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006) (holding that amount in controversy requirement was met because "it is undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000").

15. Additionally, Plaintiff's request for punitive damages satisfies the amount in controversy minimum. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995); *see also Arnold v. State Farm Fire & Cas. Co.*, 277 F.3d 772, 775 n.3 (5th Cir. 2001); *Sun Life Assur. Co. v. Fairley*, 485 F.Supp.2d 731. 735 (S.D.Miss. 2007)("federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum"). As such, even without the claims for actual and

compensatory damages, Plaintiff's claim for punitive damages in and of itself establishes the amount in controversy.

16. For these reasons, Plaintiff's claimed damages exceed $75,000. Undisputedly, the minimum amount in controversy is satisfied.

17. Because this action is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction" pursuant to 28 U.S.C. § 1441(a), it is properly removable to this Court as a "civil action[] where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . Citizens of different States" within the meaning of 28 U.S.C. § 1332(a).

## II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS OF THE REMOVAL STATUTES.

18. Per 28 U.S.C. § 1446 (b)(1), this notice of removal is filed within 30 days after the receipt by the defendant of a copy of the summons and the complaint. More specifically, Manhattan Nursing and Rehabilitation Center, LLC and Aurora Cares, LLC were served on September 17, 2021; D&N, LLC and Norbert A. Bennett were served on September 24, 2021; and DTD HC, LLC and Donald T. Denz were served on September 27, 2021. This Notice of Removal is therefore timely as it was filed within 30 days of receipt of the Summons and Complaint upon Defendants. 28 U.S.C. § 1446(b).

19. Attached hereto as Exhibit A is the Complaint filed by Plaintiff in state court, and the Summons are attached hereto as Exhibit B. A certified copy of the "entire state court record" as required by Local Uniform Civil Rule 5(b) is attached hereto as Exhibit C. These exhibits include "all process, pleadings, and orders served upon" Defendants in the state court action, and therefore satisfy the procedural requirements of 28 U.S.C. § 1446(a). *See* Exhibits A-C.

20. As required by 28 U.S.C. § 1446(d), Defendants will, after the filing of this Notice of Removal, promptly "give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court."

21. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of the rights of Defendants to assert any defense or affirmative matter available under Mississippi or Federal Rule of Civil Procedure 12, or any state or federal statute, including but not limited to the following: lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, improper joinder of claims or parties, failure to state a claim upon which relief can be granted, failure to join a necessary party under Rule 19, or abatement of this lawsuit.

**WHEREFORE**, Defendants request that the above-captioned action now pending in Hinds County Circuit Court be removed to the United States District Court for the Southern District of Mississippi, Northern Division, and that the District Court assume jurisdiction over this lawsuit.

This 15th day of October 2021.

                                        Respectfully submitted,

                                      *s/ Clay Gunn*
                                      W. Davis Frye (MB No. 10671)
                                      Clay Gunn (MB No. 102920)
                                      Caroline C. Loveless (MB No. 105960)
                                      BUTLER SNOW LLP
                                      Mailing: Post Office Box 6010
                                      Ridgeland, Mississippi 39158-6010
                                      Physical: 1020 Highland Colony Parkway
                                      Suite 1400
                                      Ridgeland, Mississippi 39157
                                      Tel.: (601) 985-4277
                                      Fax: (601) 985-4500
                                      Davis.Frye@butlersnow.com
                                      Clay.Gunn@butlersnow.com
                                      Caroline.Loveless@butlersnow.com

>*Attorneys for Manhattan Nursing And Rehabilitation Center, LLC; Aurora Cares, LLC; DTD HC, LLC, D&N, LLC; Donald T. Denz; and Norbert A. Bennett*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing document with the Clerk of the Court using the Court's MEC system, which sent notification of such filing to all counsel of record, including the following:

>Cameron C. Jehl
>JEHL LAW GROUP, PLLC
>5400 Poplar Avenue, Suite 250
>Memphis, Tennessee 38119
>cjehl@jehllawgroup.com
>
>**ATTORNEYS FOR PLAINTIFF**

THIS the 15th day of October 2021.

>*s/ Clay Gunn*

61337126.v1